UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Nicholas Dennen,

Plaintiff,

vs. ORDER

City of Duluth, S.R. Peterson,
John Does,

Defendants. Civ No. 00-2731 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 11th day of October, 2001.

* * *

On October 11, 2001, the Court heard arguments on the Plaintiff's Motion for Continuance and Extension of Discovery, which sought an Order modifying the deadlines for expert disclosure, discovery, dispositive and nondispositive Motions, and the trial-ready date, which are currently set forth in the Court's Pretrial Schedule. At the time of the Hearing, the Plaintiff appeared by Rachel Goldberger, and Paul D. Peterson, Esqs., and the Defendants appeared by M. Allison Lutterman, Deputy Duluth City Attorney.

Under Rule 16(b), Federal Rules of Civil Procedure, a party is obligated to show good cause as to why the Court should grant a Motion which seeks to amend the deadlines in a Pretrial Order. We find that the Plaintiff has met that burden, in lead counsel of

FILED OCT 11 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Record for the Plaintiff has been diagnosed, and hospitalized, for a medical condition which has impaired his ability to comply with the deadlines previously prescribed. New counsel of Record appeared at the Hearing, and the modest extensions in the Pretrial deadlines, that we here grant, were consistent with counsel's appraisal of the case.

We are mindful of the Defendants' complaint that certain of the delays in the progress of this case toward Trial predated lead counsel's hospitalization, but we cannot ignore the Plaintiff's representation that the underlying medical condition would have effectively limited counsel's capacity to respond to the prior deadlines even before his hospitalization. This, we find, is sufficient good cause to warrant a very modest revision in certain of the pretrial deadlines. No prejudice will befall the Defendants as we accommodate their interests in having sufficient time to acquire expert opinion evidence, and the overall extension of no more than three months is inconsequential.

Accordingly, we grant the Plaintiff's Motion for Continuance and Extension of Discovery, although not to the extent that they had requested, so as to afford new counsel with sufficient time to identify and disclose expert witnesses, and to complete discovery, which will necessarily cause us to extend the remaining deadlines for nondispositive and dispositive Motions, as well as the "Ready

for Trial" date. Therefore, we direct the Plaintiff to identify its experts as soon after retention as practicable, and to produce his expert disclosures by **November 30, 2001.** In turn, we direct the Defendants, upon receipt of the Plaintiff's disclosures, to identify their experts as soon as practicable after their retention, and to produce their expert disclosures by **January 15, 2002.** Further, we schedule discovery to close on **February 28, 2002**; the deadline for the filing and hearing of nondispositive Motions is set for **March 15, 2002**; dispositive Motions shall be fully briefed and filed with the Court by **March 30, 2002**; and the case will be trial-ready on **March 30, 2002**, or thirty days after a ruling on any then-pending dispositive Motion.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Amended Motion for Continuance and Extension of Discovery [Docket No. 17] is GRANTED in part, as more fully detailed in the text of this Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE